Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000695
18-AUG-2016
08:59 AM

NO. CAAP-15-0000695

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BARBARA JEAN SCHOBER, Plaintiff-Appellant,
v.
GROUPO ANDERSON, A Mexican Corporation, et al.,
Defendant-Appellees,
and
JOHN DOE DEFENDANT CORPORATIONS 1-15; JOHN DOE DEFENDANT
PARTNERSHIPS 16-20; JOHN DOE DEFENDANT BUSINESS ENTITIES 21-25;
JOHN DOE DEFENDANT INDIVIDUALS 26-30, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1710)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we do not have appellate jurisdiction over this appeal that Plaintiff-Appellant Barbara Jean Schober (Appellant Schober), has asserted from the Honorable Rhonda A. Nishimura's August 25, 2015 "Order Denying Plaintiff's Motion to Set Aside Final Judgment Filed June 18, 2014" and August 25, 2015 "Order Denying Plaintiff's Motion for Substitution of Parties" (hereinafter collectively referred to as the "two August 25, 2015 orders"),

because, in the absence of an appealable final judgment in this case, these two August 25, 2015 orders are not yet eligible for appellate review.

Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2015) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). For example, the Supreme Court of Hawai'i has held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphasis added).

After the circuit court has entered an appealable final judgment that comports with the holding in Jenkins, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Although a separate judgment is usually necessary for an appeal under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979. Thus, for example, "[a]n order denying a motion for

post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981 (citation omitted).

In light of the circuit court's prior entry of the June 18, 2014 judgment in this case, it might appear, at first glance, that Appellant Schober is appealing from two appealable final post-judgment orders, namely the two August 25, 2015 orders. However, in order to qualify as appealable post-judgment orders under HRS § 641-1(a), the circuit court must have already entered a "judgment that comports with the principles of finality set forth in Jenkins. Absent an underlying appealable final judgment, the circuit court's rulings on . . . purported [post-judgment motions such as an HRCP] Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." Bailey v. DuVauchelle, 135 Hawai'i 482, 491, 353 P.3d 1024, 1033 (2015) ("[I]n sum, relief under HRCP Rule 60(b) requires an underlying judgment that comports with the principles of finality set forth in Jenkins. Therefore, [in the absence of an appealable final judgment that comports with Jenkins,] the ICA did not err in concluding that it lacked appellate jurisdiction to review the Order re Rule 60(b) Motion.").

In the instant case, the June 18, 2014 judgment fails to qualify as an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins, because the June 2014 judgment does not resolve all claims against all parties. Although the June 18, 2014 judgment enters judgment in favor of Defendants-Appellees La Rana Hawaii LLC dba Senor Frog's Honolulu, Big Gorilla LLC, Tona Risso, Rafael Tellez, and the Trustees of the Estate of Bernice Pauahi Bishop dba Royal Hawaiian Shopping Center and against Appellant Schober as to all claims in Appellant Schober's complaint, the June 18, 2014 judgment neither enters judgment on nor dismisses Appellant Schober's complaint as to Defendant-Appellee Grupo Anderson. Furthermore, although the June 18, 2014 judgment does not resolve all claims against all parties, the June 18, 2014 judgment does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or

parties pursuant to HRCP Rule 54(b). Therefore, the June 18, 2014 judgment does not comport with the principles of finality set forth in <u>Jenkins</u>. Absent an appealable final judgment that comports with <u>Jenkins</u>, the two August 25, 2015 orders are interlocutory orders that will not be eligible for appellate review until the circuit court enters an appealable final judgment in this case. <u>See</u> <u>Bailey v. DuVauchelle</u>, 135 Hawai'i at 491, 353 P.3d at 1033. Appellant Schober's appeal is premature, and, in the absence of appellate jurisdiction, therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000695 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, August 18, 2016.

_Craig H. Nakamura_
Chief Judge


Associate Judge


Associate Judge

-4-